UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JANCARLO ADONAY CABALLERO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 10-418-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff brings this action following an automobile collision between plaintiff and a United States Postal Service (USPS) truck. Defendant moves to dismiss plaintiff's Complaint for lack of subject matter jurisdiction. For the following reasons, defendant's Motion to Dismiss [4] is denied.

**BACKGROUND**

The factual background is taken from plaintiff's Complaint and evidence presented by the parties for consideration with this motion. *See Ass'n of Amer. Med. Colls. v. United States*, 217

F.3d 770, 778 (9th Cir. 2000) (holding that the court may consider affidavits and other extra-pleading material submitted by the parties when analyzing a motion to dismiss for lack of subject matter jurisdiction).

Plaintiff alleges that on April 18, 2008, a USPS employee negligently struck his car with a USPS truck. Compl. at 2. Plaintiff alleges that the collision caused or exacerbated his injuries, which resulted in $4,674.00 in medical expenses and $40,000 in non-economic damages. Compl. at 3.

Following the collision, the USPS's Tort Claim Coordinator mailed two letters to plaintiff instructing him how to file an administrative claim and enclosing a "Standard Form 95 Claim for Damage, Injury or Death" (Form 95). Bjurstrom Decl. at Ex. A, Ex. B. The letters directed plaintiff to the instructions on the back of the Form 95, and advised plaintiff to file his claim within two years. *Id.*

In response, plaintiff's counsel sent a letter to defendant on July 17, 2008, notifying the USPS of plaintiff's representation and plaintiff's developing claim. Bjurstrom Decl. at Ex. C; Dummigan Decl. at Ex. A. Plaintiff's counsel did not specify whether plaintiff was claiming any personal injury damages, but did enclose two repair estimates for plaintiff's brother's car as required by the Form 95. *Id.* In his letter, plaintiff's counsel stated: "We will attempt to settle this matter with your company after our evaluation has been completed. . . . We will keep you advised as to the status of this claim." *Id.*

On August 1, 2008, defendant responded to plaintiff's letter. Bjurstrom Decl. at Ex. D; Dummigan Decl. at Ex. B. This response explained that defendant had treated plaintiff's letter as an administrative claim and reported that its investigation failed to establish negligence by its employee. *Id.* Accordingly, defendant denied plaintiff's claim. *Id.* The letter then notified

plaintiff of the procedures for filing suit in the United States District Court or for requesting reconsideration by the USPS. *Id.*

On September 18, 2008, plaintiff sent a letter in response to defendant's claim denial that proposed a settlement offer of "$18,500 plus medicals" and attached a draft complaint describing plaintiff's injuries and his prayer for $40,000 in non-economic damages. Bjurstrom Decl. at Ex. E; Dummigan Decl. at Ex. C.

In its responsive letter, defendant explained that it had construed plaintiff's letter as a "request for reconsideration," and had again denied the claim. Bjurstrom Decl. at Ex. F; Dummigan Decl. at Ex. D. Defendant then directed plaintiff to file suit, but clarified that plaintiff's recovery would be limited by his initial claim for $7,859.95. *Id.*

Plaintiff filed his initial suit in this court on January 6, 2009, alleging $40,000 in non-economic damages. After conducting discovery, defendant moved to dismiss for lack of subject matter jurisdiction based on plaintiff's failure to exhaust his personal injury damages.

Based on the motion, plaintiff sent a letter to defendant requesting consideration of plaintiff's claim for personal injury damages. Bjurstrom Decl. at Ex. G; Dummigan Decl. at Ex. E. Plaintiff included a medical expense summary, but omitted his Form 95. *Id*; Bjurstrom Decl. at Ex. H. Defendant subsequently requested more information from plaintiff because his letter did not include a "sum certain." Bjurstrom Decl. at Ex. H; Dummigan Decl. at Ex. F.

On December 9, 2009, plaintiff sent a letter to defendant stating that his "sum certain" for the entire claim was $44,713.65. Bjurstrom Decl. at Ex. K; Dummigan Decl. at Ex. I. Plaintiff eventually conceded defendant's motion. The case was dismissed in January 2010.

Following the dismissal, defendant notified plaintiff that it had construed plaintiff's letters regarding the personal injury damages as a "supplemental claim." Bjurstrom Decl. at Ex. L; Dummigan Decl. at Ex. J. Defendant denied this claim, construing plaintiff's September 18th letter as an improper amendment to his initial claim and an improper presentation of his personal injury damages. *Id.* After receiving the denial, plaintiff filed this action on April 15, 2010.

**DISCUSSION**

The Federal Tort Claims Act (FTCA) provides the exclusive remedy for plaintiffs to assert monetary claims against the United States. *See* 28 U.S.C. § 2675(a) (2006). A district court cannot exercise subject matter jurisdiction over an action brought under the FTCA unless the plaintiff first presents his or her claim to the appropriate federal agency. *Blair v. I.R.S.*, 304 F.3d 861, 863-64 (9th Cir. 2002) (citing 28 U.S.C. § 2675(a)). Proper presentation requires a written statement sufficiently describing the injury and a "sum certain" damages claim. *Id.* at 864 (citation omitted).

Notification of a plaintiff's sum certain damages can be made through a Form 95 or other written notification. 28 C.F.R. § 14.2; 39 C.F.R. § 912.5(a) ("[A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 . . . or other written notification of an incident."). Once the plaintiff presents his or her sum certain amount to the federal agency, the plaintiff cannot seek damages in excess of that amount unless the increase is "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

A properly presented claim can be amended by a plaintiff at any time prior to (1) the plaintiff's filing suit, (2) the USPS's issuance of payment, or (3) the USPS's written denial of the claim. 39 C.F.R. § 912.5(b).

A claim need only contain a general description of the time, place, cause, and nature of injury, and the amount of damages sought. *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). If the claim requirements are met, then a plaintiff may seek relief in federal court even if the federal claim presents a separate basis of liability arising out of the same incident. *Id.* If, however, a plaintiff fails to provide the requisite sum certain damages, then the claim must be dismissed. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (holding that a letter describing the plaintiff's disability could not be a claim because no sum certain was included); *see also Melo v. United States*, 505 F.2d 1026, 1027-28 (8th Cir. 1974) (holding that a letter from the plaintiffs' counsel advising USPS of its representation and alleging negligence, but failing to specify any damages, did not meet the statutory requirements for a "claim").

Even if a personal injury claim remains pending, a plaintiff must present some specific valuation of his or her claims to adequately present them. *Ahmed v. United States*, 30 F.3d 514, 517-18 (4th Cir. 1994) (noting that the FTCA provides ample opportunities for a plaintiff to amend his or her claim as the medical evidence develops). Providing a list of medical bills that must be reviewed and totaled does not present a sum certain for a personal injury claim. *Blair*, 304 F.3d at 868.

On the other hand, if a plaintiff specifies an amount of damages, then the agency should treat it as a claim for that amount. *Indus. Indem. Co. v. United States*, 504 F. Supp. 394, 397 (D.C. Cal. 1980) (holding that where the claim contained a specific dollar amount along with qualifying language that compensation benefits are continuing, the federal agency was entitled to

ignore the "surplusage" language and to construe the claim as for the stated sum only).  The agency can also split claims, choosing to treat the aspect of the plaintiff's claim that lists a sum certain amount as properly presented.  *Blair*, 304 F.3d at 868-69 (holding that where the plaintiff was "still incurring" medical expenses and presented a sum certain for his wage loss claim, only the wage loss claim could proceed); *see also Schwartzman v. Carmen*, 995 F. Supp. 574, 576 (E.D. Pa. 1998) (holding that where the plaintiff only listed an exact dollar amount for his property damage claim, the plaintiff could pursue that claim in federal court, but not his personal injury claim).

Here, the USPS properly construed plaintiff's first letter as a claim for property damages.  The letter included plaintiff's name, brief details about the incident, and a specific dollar amount for the property damage.  *See* Bjurstrom Decl. at Ex. C; Dummigan Decl. at Ex. A.  Although plaintiff now argues that this letter was not intended as an administrative claim, it satisfied the basic requirements for proper presentation to the USPS.

The parties do not dispute that this initial claim failed to properly present plaintiff's personal injury damages.  Plaintiff did not mention personal injury damages in his first correspondence, nor did he provide any sum certain amount.  Plaintiff's second letter and the accompanying draft complaint referred to plaintiff's spinal injuries, but listed his claim as $40,000 or "$18,500 plus medicals."  Bjurstrom Decl. at Ex. E; Dummigan Decl. at Ex. C.  Even if these figures could be construed as a sum certain, the correspondence was sent seventeen days after the USPS's denial of his initial claim.  Therefore, the amended claim for personal injuries was untimely because it was sent after the USPS's final denial of plaintiff's claim.  *See* 39 C.F.R. § 912.5(b).

Despite my finding that plaintiff's first letter was properly construed as a claim for property damage, plaintiff also argues that he should not be precluded from presenting a second claim for personal injury damages. Defendant responds that congressional intent would be thwarted if plaintiff was permitted to file a second administrative claim based on the same incident. The court agrees with plaintiff's argument.

Ninth Circuit case law and the legislative history behind the FTCA's notice requirement supply no basis for disallowing multiple claims based on the same incident, provided that a plaintiff files within the limitations period. *See* S. Rep. No. 89-1327, at 2-3 (1966) (stating that the purpose of the statute is to allow the agency to quickly settle meritorious claims, efficiently administer claims, and reduce unnecessary congestion in the courts). Congress's goals of efficiency and judicial economy will be met by allowing a plaintiff to present more than one claim if he or she does so within two years after the claim accrues. *See De Gerena v. United States*, 398 F. Supp. 93, 94 (D. P.R. 1975) (noting that the plaintiff's refiling of her claim within two years from its accrual was timely filed).

Here, plaintiff sent several letters to the USPS describing his claim for personal injuries. The claim was not officially presented, however, until he stated his sum certain amount of $44,713.65 on December 9, 2009. Bjurstrom Decl. at Ex. K; Dummigan Decl. at Ex. I. This served as a "written notification" of plaintiff's personal injury claim for a specific sum certain amount within two years of the date of the accident, April 18, 2008. Although the USPS had previously denied plaintiff's claim for property damage, he was not precluded from presenting a second administrative claim for personal injuries before the expiration of the limitations period. Accordingly, plaintiff's December 9, 2009 claim for personal injuries in the amount of $44,713.65 was timely. However, because plaintiff cannot seek damages in federal court in

excess of those claimed in his administrative claim, plaintiff's prayer is limited to $44,713.65.

*See* 28 U.S.C. § 2675(b).

## **CONCLUSION**

For the reasons provided, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [4] is denied.

IT IS SO ORDERED.

DATED this  20   day of October, 2010.

                                          /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                         United States District Judge